Gennifer **FLOWERS**, Plaintiff—Appellant,

v.

James **CARVILLE**, George Stephanopoulos, Hillary Rodham Clinton, Defendants—Appellees.

No. 04–15679.

D.C. No. CV–99–1629–PMP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2005.*

Decided Jan. 9, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Larry Klayman, Klayman & Associates, Michael J. Hurley, Paul J. Orfanedes, Judicial Watch Inc., Washington, DC, John P. Lukens, Bell Lukens Marshall & Kent, Las Vegas, NV, William Alden McDaniel, McDaniel & Griffin, Baltimore, MD, for Plaintiff–Appellant.

Paul R. Hejmanowski, Lionel Sawyer & Collins, Walter R. Cannon, Rawlings Olson Cannon Gormley & Desruisseaux, Andrew P. Gordon, McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, Las Vegas, NV, Jo Bennett Marsh, William McDaniel, McDaniel & Marsh, Baltimore, MD, David E. Kendall, Williams & Connolly, Laura R. Handman, Davis Wright Tremaine LLP, Washington, DC, Pat Lundvall, McDonald Carano Wilson, LLP, Reno, NV, Matthew A. Leish, Davis Wright Tremaine, New York, NY, for Defendants–Appellees.

Before BRUNETTI and KOZINSKI, Circuit Judges, and HOGAN,** District Judge.

### MEMORANDUM***

Gennifer Flowers appeals from orders granting summary judgment motions filed by Hillary Rodham Clinton, James Carville and George Stephanopoulos.

Clinton initially contends that we lack jurisdiction over Flowers's appeal from the order filed November 24, 2003, because Flowers did not file a timely notice of appeal. Because the district court ordered entry of judgment in favor of Clinton, *Flowers v. Carville*, 292 F.Supp.2d 1225, 1234 (D.Nev.2003), and did not set forth judgment in a separate document, Flowers had 180 days from entry of the order to file the notice of appeal. *See* Fed. R.App. P. 4(a)(1), 4(a)(7)(A)(ii). Flowers timely filed the notice of appeal on April 6, 2004.

■ While the fourth amended complaint alleges Clinton engaged in overt acts in furtherance of a civil conspiracy, the district court correctly held that this claim accrued no later than April 1995, by which time Flowers had discovered all necessary facts. Flowers first named Clinton as a defendant on January 20, 2000, after expiration of the four-year limitations period. *See Flowers*, 292 F.Supp.2d at 1233–34; *see also Siragusa v. Brown*, 114 Nev. 1384, 971 P.2d 801, 806–07 (1998) (stating limitations period and rule that conspiracy claim accrues when plaintiff knows all necessary facts). Thus, her claim against Clinton is barred.

■ Flowers presented insufficient evidence of actual malice to prevent summary judgment in favor of Carville and Stepha-

---

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nopoulos. No reasonable jury could find that either defendant (1) knew that Flowers's audiotapes were not "doctored" or "selectively edited," (2) knew or ignored obvious signs that the news reports regarding the audiotapes were false, or (3) intentionally or recklessly made statements that were materially different from the news reports. *See Flowers v. Carville,* 310 F.3d 1118, 1131 (9th Cir.2002). Flowers's failure to present evidence of actual malice is fatal to each claim against Carville and Stephanopoulos.

**AFFIRMED.**